UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

---

**PAMELA LOBOSKY,**

*Plaintiff,*

v. No. _______________

**CAMDEN COUNTY,**

*Defendant.*

---

## COMPLAINT

Plaintiff Pamela Lobosky brings this 42 U.S.C. § 1983 action against Defendant Camden County for damage to her home. Ms. Lobosky's home has been damaged by stormwater runoff caused by Defendants' modifications to Hawk Island Drive, a county road. These facts constitute a taking of her property without just compensation under the Fifth Amendments to the United States Constitution and inverse condemnation in violation of Article I, Section 26 of the Missouri Constitution.

### Parties, Jurisdiction, & Venue

1. Plaintiff Pamela Lobosky is a resident of unincorporated Camden County, Missouri.

2. Defendant Camden County is a political subdivision of the State of Missouri.

3. At all relevant times herein, Defendant County has been acting under color of law.

4. This action arises under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. This Court therefore has federal question jurisdiction. **28 U.S.C. § 1331**.

5. This Court has supplemental jurisdiction over the state-law inverse condemnation claim herein because that claim forms part of the same case or controversy. The state law claim arises from the same governmental action and involves common questions of law and fact, including the character and effect of Defendant County's conduct and the measure of just compensation owed. Exercise of supplemental jurisdiction over the state-law claim is consistent with judicial economy, convenience, and fairness to the parties. **28 U.S.C. § 1367(a).**

6. The Western District of Missouri is the proper venue for this suit because Defendant's principal office is located in Camden County, Missouri and a substantial part of the events giving rise to this claim occurred at Plaintiff's residence in said county. **28 U.S.C. § 1391(b)**.

## The County's Resurfacing and Resulting Damage

7. Plaintiff Pamela Lobosky is the owner and occupant of a single-family residence in Camden County, Missouri located at 1536 Hawk Island Drive, Osage Beach, Missouri 65065.

8. Hawk Island Drive is a county road maintained by Defendant County.

9. In or about 2023, Defendant County resurfaced Hawk Island Drive.

10. The 2023 resurfacing of Hawk Island Drive materially altered the runoff therefrom.

11. Prior to 2023, runoff from Hawk Island Drive dispersed naturally and did not collect on or otherwise damage any particular homeowner's property.

12. Following the 2023 resurfacing of Hawk Island Drive, the runoff patterns therefrom materially changed so as to divert significantly more water runoff directly onto Ms. Lobosky's property.

13. Beginning in 2024, Ms. Lobosky noticed new runoff into her front yard and water pooling thereon, especially during heavy rains.

14. Beginning in 2024, Ms. Lobosky witnessed the loss of several inches of topsoil from her front yard, which had been stable for decades prior to the 2023 resurfacing.

15. Beginning in 2026, Ms. Lobosky has noticed progressively increasing pooling of water in her front yard, up to and against her foundation, and water infiltration in her crawlspace and basement.

16. Beginning in 2026, Ms. Lobosky has noticed damage to her driveway and front sidewalk, including sagging and cracking.

17. In 2026, contractor evaluations of Ms. Lobosky's home revealed:

    a) One tree with rotted roots which had to be removed;

    b) Yard and landscaping damage which needs to be remediated;

    c) Leaks in her basement and crawlspace;

    d) Base failure of her front sidewalk, which was subsequently replaced;

    e) Base failure of her driveway, which needs to be replaced;

f) Structural failure of kitchen subfloor causing damage to the tile floor in her kitchen, which need to be replaced and repaired; and

g) Foundation compromise which needs to remedied.

18. As recently as August 2026, Ms. Lobosky found new cracks in her garage floor beginning at her driveway.

19. Ms. Lobosky has been forced to install a drain in her driveway to intercept runoff, which was not needed until after the new runoff pattern became apparent.

20. Ms. Lobosky has further been forced to install a drain in her front yard to divert runoff to the side of her house, which was not needed until after the new runoff pattern became apparent.

21. Additional investigation of damage to Ms. Lobosky's home is ongoing and further damage may be discovered. Any damage claimed will be disclosed in discovery.

22. Ms. Lobosky is a retired kindergarten teacher with limited means. The foregoing damages have drained her savings and forced her to use her retirement savings to pay for repairs to the damage caused by Defendant County, costing her valuable benefits of her retirement accounts.

**The County's Admissions of Fault**

23. Ms. Lobosky and her neighbors have repeatedly contacted Defendant County through its Road & Bridge Department to complain about the runoff from Hawk Island Drive.

24. County Road & Bridge personnel have visited Hawk Island Drive and met with Ms. Lobosky and her neighbors as recently as July 2026.

25. Ms. Lobosky has also spoken with Pat Wolf, a Road & Bridge employee, via telephone about the runoff issues discussed herein.

26. In meetings at which Ms. Lobosky was present, Road & Bridge employee Brian Bunch discussed the runoff and admitted that "this is our problem" but said Defendant County had "no money" to fix it.

27. Defendant County's employees further acknowledged runoff problems on Hawk Island Drive along Ms. Lobosky's front yard.

28. Defendant County's employees discussed various solutions in her presence, including constructing a drainage ditch to divert runoff away from her home.

29. Defendant County has not acted on any of the solutions described in the preceding paragraph.

30. Instead, in response to Ms. Lobosky's complaints, Defendant County placed "rip-rap" (large rocks with spaces in between) in front of Ms. Lobosky's home along Hawk Island Drive twice: once in 2024 and again in 2026.

31. Defendant County's installation of rip-rap has had no effect on the runoff problems identified above because rip-rap may filter and slow water flows, but does not redirect them.

32. Despite Defendant County's acknowledgement of runoff damage caused by their resurfacing of Hawk Island Drive, the problems described above persist and continue to worsen as of the date of this filing.

## Count I
## Taking Without Just Compensation
## U.S. CONST. amend. V *and* 42 U.S.C. § 1983

33. Plaintiff realleges and incorporates by reference all preceding paragraphs.

34. The Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation. **U.S. CONST. amend. V**.

35. The Fifth Amendment may be enforced against state actors in federal court through Section 1983. ***Knick v. Township of Scott***, 588 U.S. 180, 191 (2019) ("[I]t is the existence of the Fifth Amendment right that allows the owner to proceed directly to federal court under § 1983.").

36. Defendant County, acting under color of law, engaged in a physical taking of Ms. Lobosky's real property by using her property for storm drainage purposes without instituting condemnation proceedings and without paying just compensation, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of Defendant County's unconstitutional conduct, Ms. Lobosky has suffered the damages described herein, including the fair market value of the property taken, consequential damages, and pre- and post-judgment interest.

38. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs. **42 U.S.C. § 1988**.

## Count II

**Inverse Condemnation**
**Mo. Const. Art. I, § 26**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs.

40. The Missouri Constitution provides: "That private property shall not be taken or damaged for public use without just compensation." **Mo. Const. Art. I, § 26**.

41. "Inverse condemnation is a cause of action against a governmental agency to recover the value of the property taken by the agency, though no formal exercise of the power of eminent domain has been completed." ***County of Scotland v. Mo. Pub. Entity Risk Mgmt. Fund***, 537 S.W.3d 358, 364-65 (Mo. App. W.D. 2017) (quotation omitted); *accord* ***Knick***, 588 U.S. at 186.

42. By altering Hawk Island Drive into its current configuration, Defendant County knew or should have known it would change runoff patterns thereon in a way which would damage Ms. Lobosky.

43. In addition, Ms. Lobosky and her neighbors complained directly to Defendant County about the runoff problems as soon as such damage became apparent.

44. Defendant County therefore had notice of the offending condition.

45. Despite such notice, Defendant County continued and continues to maintain and operate Hawk Island Drive in its current, offending condition.

46. Defendant County has indicated it has no intention of making further changes or improvements to Hawk Island Drive to protect Ms. Lobosky's property.

47. Defendant County's alteration of Hawk Island Drive was and remains an unreasonable and unnatural use of its road and Ms. Lobosky's property in that it appropriated her property to divert and store the County's stormwater runoff.

48. As a direct and proximate result of Defendant County's unconstitutional conduct, Ms. Lobosky has suffered the damages described herein, including the fair market value of the property taken, consequential damages, and pre- and post-judgment interest.

49. Plaintiff is also entitled to recover reasonable attorneys' fees and costs. **42 U.S.C. § 1988**.

## Relief Sought

Plaintiff respectfully requests the following relief against Defendants under the First and Fifth Amendments and 42 U.S.C. § 1983, and Article I, Section 26 of the Missouri Constitution:

A. Declaration that Defendant County's actions constituted a taking of Plaintiff's property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 26 of the Missouri Constitution;

B. Compensatory damages, or in the alternative, for nominal damages in recognition of Defendants' "completed violation of [Plaintiffs'] legal right[s]," *see* ***Uzuegbunam v. Preczewski***, 592 U.S. 279, 292 (2021);

C. Plaintiffs' attorney's fees and recoverable costs under 42 U.S.C. § 1988(b) or any other allowable statute or authority; and

D. Any other relief that the Court deems just.

Respectfully submitted,

**ELLINGER BELL LLC**

By: */s/ Cole D. Bradbury*
Cole D. Bradbury, #62760
308 East High Street, Suite 300
Jefferson City, MO 65101
Telephone: (573) 750-4100
E-mail: cbradbury@ellingerlaw.com

*Attorneys for Plaintiff*